# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | | |
|---|---|---|
| **TENNESSEE VALLEY** | ) | |
| **AUTHORITY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:12-CV-704-VEH** |
| | ) | |
| **DAVID ERIC LONG,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the court is Counter Defendant Tennessee Valley Authority ("TVA")'s Motion To Dismiss Counterclaim for Lack of Subject Matter Jurisdiction and For Failure to State a Claim Upon Which Relief Can Be Granted ("Motion To Dismiss"), filed on May 22, 2012.  (Doc. 8).  The time allotted for a response pursuant to the court's Uniform Initial Order (Doc. 2, Appendix III) has expired and the Counter Claimant, David Eric Long ("Mr. Long"), has not responded.  Therefore, the Motion To Dismiss is now under submission and ripe for the court's decision.  For good cause shown, the Motion To Dismiss is due to be granted.

## I.    Procedural Background

Plaintiff TVA filed this lawsuit against Mr. Long on February 29, 2012, raising

federal claims under the Tennessee Valley Authority Act of 1933, as amended, 16 U.S.C. §§ 831-831ee (2006 & Supp. III 2009) (the "TVA Act").  (Doc. 1).  TVA alleges that Mr. Long began constructing a new boathouse along the Tennessee River without TVA's prior approval or permission, in violation of the TVA Act.  (Doc. 1 ¶¶ 15–26).  TVA further alleges that it has been in communications with Mr. Long about his need for a permit, but that Mr. Long repeatedly refuses to apply for the permit.  (*Id.* ¶¶ 27–34).  In addition to the new boathouse, TVA alleges that Mr. Long similarly is unlawfully operating a walkway, "riprap," and outfall draining without the necessary permits required by the TVA Act.  (*Id.* ¶¶ 35–42).  As a result, TVA seeks injunctive and declaratory relief against Mr. Long's allegedly unauthorized obstructions, and asks the court for an order requiring Mr. Long to remove the new boathouse, walkway, riprap, and outfall draining.  (*Id.* ¶¶ 1, 47).

Defendant filed his Answer and Counterclaim on March 23, 2012.  (Doc. 5). Mr. Long's counterclaim appears to assert a Fifth Amendment takings claim and seek declaratory relief by asking the court to declare the "correct property boundary" of Mr. Long's property.  Because TVA moves the court for dismissal of Mr. Long's counterclaim based, in part, on its failure to state a claim, the court sets out the entirety of Mr. Long's counterclaim as follows:

## COUNTER-CLAIM

WHEREFORE, the defendant, having fully answered, now assumes the role of counter-plaintiff and for Counter-Claim would state as follows:

61.   The plaintiff/counter-defendant has asserted claims herein that place the designation of the true property line as it existed and marked by metal marker prior to its conveyance in 1956 to the counter-plaintiff's predecessors in title in dispute.

62.   The property line would be that as it existed when it was marked and property conveyed.

63.   The counter-defendant has claimed rights up to the 600 foot contour line as it now exists which would constitute a taking of land without compensation and inverse condemnation.

64.   This issue is ripe for declaratory judgment purposes.

WHEREFORE, counter-plaintiff requests this Honorable Court to declare that the correct property boundary is the 600 foot contour line as it existed when it was marked and the land above it sold to counter-plaintiff's predecessors in title.

(Doc. 5 at 5).

## II.   Legal Analysis

### A.   Motion To Dismiss Standard[1]

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6).   The Federal Rules of Civil Procedure require only that the

---

[1]  A counterclaim is treated under the same motion to dismiss standards as a complaint. *Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1210 (M.D. Fla. 2005); *Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 308 (S.D. Fla. 2001).

complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However at the same time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine <u>whether they plausibly give rise to an entitlement to relief</u>." *Id.* (emphasis added). The court therefore "accept[s] as true the facts set forth in the complaint and draw[s] all reasonable inferences in the

plaintiff's favor." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Thus, "[a] district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth --- legal conclusions must be supported by factual allegations. The district court should assume, on a case-by-case basis, that well pleaded factual allegations are true, and then determine whether they plausibly give rise to an entitlement to relief." *Randall*, 610 F.3d at 709 -710.

### B.  The Counterclaim Does Not Sufficiently State A Claim

Applying these principles, Mr. Long's counterclaim does not contain sufficient facts to the extent it seeks to state a takings claim under the Fifth Amendment of the

U.S. Constitution.[2]  The Takings Clause of the Fifth Amendment provides: "nor shall

private property be taken for public use, without just compensation."  U.S. Const.

amend. V.

> . . . [T]o state a Takings claim under either federal or Alabama law, a
> plaintiff must first demonstrate that he possesses a "property interest"
> that is constitutionally protected.  *See Ruckelshaus v. Monsanto Co.,* 467
> U.S. 986, 1000-01, 104 S. Ct. 2862, 2871, 81 L. Ed.2d 815 (1984); *Penn
> Cent. Transp. Co. v. New York,* 438 U.S. 104, 125, 98 S. Ct. 2646, 2659,
> 57 L. Ed.2d 631 (1978); *Jackson v. Birmingham Foundry & Mach. Co.,*
> 154 Ala. 464, 45 So. 660, 662-63 (Ala. 1908). Only if the plaintiff
> actually possesses such an interest will a reviewing court then determine
> whether the deprivation or reduction of that interest constitutes a
> "taking." *Schneider v. California Dep't of Corr.,* 151 F.3d 1194, 1198
> (9th Cir. 1998).

*Givens v. Alabama Dept of Corr.*, 381 F.3d 1064, 1066 (11th Cir. 2004). As TVA

notes, the counterclaim does not specify the property that TVA has allegedly taken.

Similarly, the counterclaim does not present sufficient facts to show an "actual

controversy" sufficient to invoke this court's jurisdiction to issue a declaratory

judgment under 28 U.S.C. § 2201.  On the whole, the purported counterclaim fails to

meet the federal pleading standards because it contains threadbare facts and is not

sufficient to give rise to a plausible claim for relief.  *Iqbal*, 556 U.S. at 1949 ("To

---

[2]  Although the counterclaim does not expressly cite to the Fifth Amendment – or to any other law or statute – the allegations in Paragraph 63 suggest a constitutional takings claim. (Doc. 5 ¶ 63 ("The counter-defendant has claimed rights up to the 600 foot contour line as it now exists[,] which would constitute a taking of land without compensation and inverse condemnation.")).

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570.  Mr. Long should not attempt to replead his counterclaim unless he can clearly establish this court's jurisdiction over his counterclaim(s); clearly identify the law(s), statute(s), or constitutional provision(s) under which he seeks to bring any such claim(s); *and* provide sufficiently detailed facts to support each element of each cause of action he asserts.

## III.   Conclusion

For the reasons stated above, TVA's Motion To Dismiss is hereby **GRANTED**. Accordingly, Mr. Long's counterclaim is hereby **DISMISSED**.

**DONE** and **ORDERED** this the 9th day of July, 2012.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

7